UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIEN FRASER,

                                    Petitioner,

                  -against-

DAVID HOWARD, Superintendent,

                                    Respondent.

1:21-CV-9904 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated in the Woodbourne Correctional Facility, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his June 14, 2017, conviction in the New York Supreme Court, Bronx County. By order dated December 21, 2021, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court grants Petitioner leave to file a declaration, within 60 days of the date of this order, in which he shows cause why the Court should not deny the petition as time barred.[1]

## DISCUSSION

### A.    Statute of limitations

The petition may be time-barred. A prisoner seeking *habeas corpus* relief under Section 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to filing such a petition is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if the right has been made retroactively

---

[1] The petition, and thus, the docket entries for this action, incorrectly referred to Petitioner's last name as "Fraiser." Because all of the documents attached to the petition refer to Petitioner's last name as "Fraser," and because Petitioner signs his last name as "Fraser," the Court has directed the Clerk of Court to correct the docket entries for this action so that Petitioner's last name appears as "Fraser."

available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges that, on June 14, 2017, he was convicted in the New York Supreme Court, Bronx County. Court records indicate that on June 12, 2018, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *see People v. Fraser*, 162 A.D.3d 480 (1st Dep't 2018), and that on November 30, 2018, the New York Court of Appeals denied leave to appeal, *see People v. Fraser*, 32 N.Y.3d 1111 (2018). Petitioner's conviction consequently became final on February 28, 2019, "on the expiration of [the 90-day period of] time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000); *see* S. Ct. R. 13(1) (90-day period to seek *certiorari* from Supreme Court of the United States). Thus, under 28 U.S.C. § 2244(d)(1)(A), the applicable limitations period appears to have expired on February 28, 2020, one year after Petitioner's judgment of conviction became final. Petitioner alleges that he placed his Section 2254 petition into his prison's mail system for its delivery to the court on November 17, 2021. (ECF 2, at 197.)

When postconviction collateral state court motions are filed before the expiration of the applicable limitations period, the pendency of those motions and the related state court proceedings may toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). The filing of such motions after the applicable limitations period expires, however, does not start the limitations period anew. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Thus, Section 2244(d)(2)'s tolling provision applies only if a

petitioner's postconviction collateral state court motion was pending within the one-year limitations period.

Here, the petition is unclear as to whether Petitioner filed one postconviction motion or multiple ones. At one point in the petition, Petitioner alleges that he filed a motion under N.Y. Crim. Proc. Law § 440.10 on January 9, 2019 – before his judgment of conviction became final – and that the trial court denied his request for a hearing on that motion on May 8, 2019 (ECF 2, at 5-7); it is unclear whether the trial court ever issued a decision on that motion and, if so, the date that it issued a decision. Petitioner has also attached a document to his petition that states that the trial court proceeded with a hearing on a postconviction motion between December 17 and 19, 2019. (*See id.* at 65.) Petitioner further alleges, and attaches copies of decisions that show, that on July 14, 2020, the trial court denied a postconviction motion that he filed under N.Y. Crim. Proc. Law §§ 440.10, 440.20. and 440.30, and that the Appellate Division denied leave to appeal that motion's denial on September 10, 2020. (*Id.* at 11, 45-57, 59.)

The Court cannot discern whether the motion that the trial court denied on July 14, 2020, was the same motion that Petitioner alleges he filed on January 9, 2019. Even if the Court were to assume that it was, and that the applicable one-year limitations period did not begin to run until September 17, 2020 – the date of entry of the Appellate Division's September 10, 2020 decision denying leave to appeal the denial of Petitioner's postconviction motion (*see id.* at 59) – the limitations period would have expired one year later, on September 17, 2021, and Petitioner did not submit his Section 2254 petition for filing until two months after that date, on November 17, 2021 (*id*. at 197). Thus, the petition appears to be time-barred.

**B.      Leave to file declaration**

Accordingly, the Court grants Petitioner leave to file a declaration, within 60 days of the date of this order, in which he shows cause why the Court should not deny his petition as time-

3

barred. Petitioner should include in his declaration a listing of the following: (1) the dates on which he filed each of his postconviction collateral state court applications and motions in which he challenged this conviction, including any application for error *coram nobis* relief, all motions under N.Y. Crim. Proc. Law § 440, and any other postconviction collateral applications and motions; (2) the dates on which the state courts issued decisions as to any of those applications or motions; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates on which the state courts issued decisions on those appeals or applications; and (5) the dates on which he received notice of any state court decisions on those applications and appeals. *See* § 2244(d)(2).

Petitioner also should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period for Section 2254 petitions is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Court grants Petitioner leave to file a declaration, within 60 days of the date of this order, in which he shows cause why the Court should not deny his Section 2254 petition as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, order Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate that the petition was timely filed, the Court will deny the petition as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   January 10, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge