```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
DAMIEN FRASER,                                                       :
                                                                     :
                                Petitioner,                          :
                                                                     :      21-CV-9904 (JMF)
                -v-                                                  :
                                                                     :      MEMORANDUM OPINION
DAVID HOWARD,                                                        :            AND ORDER
                                                                     :
                                Respondent.                          :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Petitioner Damien Fraser was convicted in 2017 in New York State court of attempted gang assault in the first degree, two counts of criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree and sentenced to ten-and-a-half years' imprisonment.  ECF No. 12 ("Watson Decl."), ¶ 7.  After his conviction was affirmed on appeal, *see People v. Fraser*, 162 A.D.3d 480 (1st Dep't 2018), *leave to appeal denied*, 23 N.Y.3d 1111 (2018), Fraser, through counsel, filed a post-conviction motion in state court arguing that his trial lawyer had been constitutionally ineffective due to a conflict of interest. Watson Decl. ¶ 14.  After a multi-day evidentiary hearing, the state trial court denied the motion. *Id.* ¶¶ 15-17; *see* ECF No. 12-19.  In a decision entered September 17, 2020, the Appellate Division denied leave to appeal that decision.  Watson Decl. ¶¶ 19-20; *see* ECF No. 12-22; *see also* ECF No. 7, at 3.  Fraser, proceeding here without counsel, now seeks from this Court the writ of habeas corpus pursuant to Title 28, United States Code, Section 2254, arguing, as he did in his state post-conviction motion, that his trial counsel was constitutionally ineffective due to a conflict of interest.  *See* ECF No. 2 ("Pet.").

Fraser would likely have an uphill battle on the merits given the "doubly deferential" standard of review that applies to claims of ineffective assistance raised in the federal habeas context. *See, e.g.*, *Hobbs v. McIntosh*, No. 22-CV-2283 (JMF), 2022 WL 17551853, at *3-4 (S.D.N.Y. Dec. 9, 2022). But the Court need not and does not decide whether his petition would fail on the merits because it fails for a different, threshold reason: It is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody for state court convictions has one year to timely file a habeas petition. 28 U.S.C. § 2244(d)(1). But that period is extended where, as was the case here, "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Fraser therefore had until September 17, 2021 — one year from the date on which the Appellate Division entered its decision denying leave to appeal denial of Fraser's post-conviction motion — to file the present petition. But he did not file it until November 17, 2021. *See* Pet. 197.[1]

Fraser does not dispute any of the foregoing, but argues that he is entitled to equitable tolling because the lawyer who represented him in the state-court post-conviction proceedings was, by virtue of misinformation given to him by the Appellate Division during the height of the COVID-19 pandemic, unaware of the September 17, 2020 decision until May 2021. *See* ECF No. 8; ECF No. 14, at 2-4. Equitable tolling of a limitations period is available where a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Significantly, however, even if a petitioner demonstrates an "extraordinary circumstance" stood

---

[1] Citations to page numbers in ECF Nos. 2 and 8 are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

in his or her way of timely filing, he must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).  As the Second Circuit has observed, the requisite causal relationship may be "lacking where the identified extraordinary circumstances arose and concluded early within the limitations period" because, in such a case, "a diligent petitioner would likely have no need for equity to intervene to file within the time remaining to him." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *see Valverde*, 224 F.3d at 134 (stating that a petitioner cannot demonstrate the requisite causal relationship "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

      Here, even assuming for the sake of argument that Fraser has shown that some extraordinary circumstance stood in his way, he cannot show the requisite "causal relationship" between that extraordinary circumstance and his failure to file by the September 17, 2021 deadline.  Fraser indisputably was informed of the Appellate Division's decision denying him leave to appeal the denial of his post-conviction motion no later than May 17, 2021, when his lawyer in those proceedings emailed him the decision.  *See* ECF No. 8, at 7.  At that point, Fraser still had 122 days before the September 17, 2021 deadline to file his petition.  That was ample time for Fraser, had he acted with "reasonable diligence," to prepare and file the Petition that he filed in November.  *Valverde*, 224 F.3d at 134; *see, e.g.*, *Adkins v. Warden*, 354 F. App'x 564, 566 (2d Cir. 2009) (summary order) (rejecting equitable tolling where the alleged extraordinary circumstance had ended about six and a half months before the AEDPA deadline); *Smith v.*

3

*Chappius*, No. 13-CV-7595 (JMF), 2014 WL 5786945, at *2 (S.D.N.Y. Nov. 6, 2014) (rejecting equitable tolling where the alleged extraordinary circumstance occurred in early 2001 and did not prevent the petitioner from filing a habeas petition in August 2001); *Woodason v. United States*, No. 13-CV-2020 (DLC), 2014 WL 657529, at *2 (S.D.N.Y. Feb. 20, 2014) (rejecting equitable tolling because "the alleged extraordinary circumstance concluded in July 2012 — five months before the one-year statute of limitations expired in December 2012"); *cf. Harper*, 648 F.3d at 138 (finding equitable tolling where the extraordinary circumstance — the petitioner's hospitalization — occurred immediately prior to and through the AEDPA deadline and noting that, after his discharge, the petitioner "filed his petition in sixty-five days"); *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008) (finding equitable tolling where the petition filed his petition within *one day* of learning about the relevant state court decision). Accordingly, Fraser fails to establish any "need for equity to intervene" on his behalf. *Harper*, 648 F.3d at 137.

Accordingly, Fraser's Petition must be and is DISMISSED as untimely. As Fraser has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); *see also*, *e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to terminate ECF No. 2,mail a copy of this Memorandum Opinion and Order to Fraser, and close the case.

SO ORDERED.

Dated: December 15, 2022
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

4